IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Kecia Newton,

       Plaintiff,

v.                                                                                        Case No. 17-cv-2043-JWL

The Unified Government of Wyandotte
County and Kannsas City, Kansas,

       Defendant.

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against her former employer alleging that defendant failed to promote plaintiff and then terminated her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In addition, plaintiff asserts claims under 42 U.S.C. § 1983 for deprivation of a liberty interest without due process of law and malicious prosecution. This matter is presently before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 7). As will be explained, the motion is granted in part and denied in part.

**Standard**

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will

not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

Consistent with the applicable standard, the court accepts as true the following well-pleaded facts alleged in plaintiff's complaint. *See Sanders v. Mountain Am. Federal Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). Plaintiff is an African-American female who began her employment with defendant in February 2008 as a customer service representative in the "3-1-1" department. In January 2013, plaintiff moved to the Delinquent Real Estate Department where she worked as an administrative support specialist. In that capacity, plaintiff supported the tax sale process through the Wyandotte County District Court. Plaintiff took on additional duties in September 2014 when the department's business coordinator resigned her employment. In March 2015, plaintiff started receiving out-of-grade pay to compensate for those new duties. According to the complaint, the first fifteen years of plaintiff's employment passed without incident. Despite her expression of interest in formally applying for the business coordinator position, defendant refused to post the position and plaintiff continued to perform the duties associated with the position until mid-October 2015.

On October 16, 2015, plaintiff was summoned into a meeting by a member of management, who was accompanied by a police officer employed by the Unified Government.

The officer questioned plaintiff about computer crimes relating to a tax sale that she allegedly committed in the course of her employment. Plaintiff denied any wrongdoing and, without warning, was taken into custody by the officer and escorted to the police department. According to plaintiff, a management-level employee in the Delinquent Real Estate Department provided false information to the police which caused plaintiff's arrest. Plaintiff was charged with four counts of criminal conduct.

On October 21, 2015, defendant suspended plaintiff's employment without pay pending the resolution of the charges against her. A Wyandotte County District Judge dismissed the charges against plaintiff in May 2015 on the motion of plaintiff's counsel. Despite the fact that the charges were dismissed, defendant never reinstated plaintiff to her position. In June 2016, plaintiff received a letter from defendant's director of operations advising plaintiff that defendant was terminating her employment effective October 16, 2015. Thereafter, plaintiff submitted information to defendant refuting the charges against her and requesting a grievance hearing. On July 11, 2016, defendant notified plaintiff that a grievance hearing would be held on July 13, 2016. Plaintiff's counsel was denied the opportunity to attend the hearing with plaintiff. After the hearing, defendant decided to uphold the termination decision.

Plaintiff filed a charge of discrimination with the EEOC and, after receiving her notice of right to sue, filed her complaint here.

**Failure-to-Promote Claim**

Defendant moves to dismiss plaintiff's failure-to-promote claim on the grounds that plaintiff failed to include that claim in her charge of discrimination. Plaintiff concedes in her

response that her charge does not include a failure-to-promote claim and that the claim must be dismissed. This aspect of defendant's motion, then, is granted. *See Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012) (exhaustion of administrative remedies is a prerequisite to suit and administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation).

**Discriminatory Discharge Claim**

In her complaint, plaintiff alleges that her employment was terminated based on her race in violation of Title VII. Defendant moves to dismiss this claim on the grounds that plaintiff has failed to allege any facts plausibly suggesting that similarly situated employees outside of her protected class were treated more favorably. This argument borders on frivolous and is denied. Plaintiff clearly alleges that defendant treated Caucasian employees who engaged in similar or more egregious conduct more favorably than it treated plaintiff. No more is required at this stage. *See Townsend-Johnson v. Cleveland*, 494 Fed. Appx. 833, 837 (10th Cir. June 25, 2012) (the plaintiff stated plausible claim for relief for race discrimination under § 1981 where she alleged that she is an African-American, that the defendant terminated her employment and that employees outside the protected class were not terminated for similar conduct); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (plaintiff need not set forth prima facie case for each element but must plead enough facts to satisfy plausibility requirement). Moreover, because a plaintiff is not required to show differential treatment of persons outside the protected class to satisfy the initial prima facie burden under *McDonnell Douglas*, it defies logic to suggest that a plaintiff's complaint might be subject to dismissal for failing to allege adequately

that similarly situated employees outside the protected class were treated more favorably. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005) (comparison to similarly situated employees is not required as part of a plaintiff's prima facie case; the relevant prima facie element may be framed more broadly, requiring only a "showing of circumstances giving rise to an inference of discrimination"); *English v. Colo. Dept. of Corrs.*, 248 F.3d 1002, 1008 (10th Cir. 2001) (In disciplinary discharge cases, a "plaintiff does not have to show differential treatment of persons outside the protected class to meet the initial prima facie burden under *McDonnell Douglas*."). Defendant's motion to dismiss plaintiff's discriminatory discharge claim is denied.

**Section 1983 Claims**

Plaintiff alleges in her complaint that she was deprived of a liberty interest without due process.[1] Specifically, plaintiff asserts that she has a liberty interest in her good name and reputation as they relate to her continued employment and that defendant deprived her of that interest by making false statements about plaintiff during the course of her termination. She further alleges that the deprivation was without due process because defendant refused to provide plaintiff with a name-clearing hearing.

---

[1] It is unclear whether plaintiff also alleges the deprivation of a property interest in her continued employment. Plaintiff uses the phrase "property interest" in her complaint, but she fails to assert that claim in response to defendant's motion. In any event, the court grants defendant's motion to dismiss plaintiff's complaint to the extent plaintiff's complaint can be construed to include this allegation. Plaintiff's allegations do not plausibly suggest that she enjoyed a protected property interest in her continued employment. *See McDonald v. Wise*, 769 F.3d 1202, 1211-12 (10th Cir. 2014) (at-will employee has no property interest in continued employment).

5

Defendant does not dispute that a public employee has a liberty interest in her good name and reputation as they relate to her continued employment. *See McDonald v. Wise*, 769 F.3d 1202, 1212 (10th Cir. 2014) (citation omitted). Nonetheless, defendant contends that the complaint is devoid of any allegations plausibly suggesting that defendant infringed on plaintiff's liberty interest. The government infringes upon a public employee's liberty interest in his or her good name and reputation when: (1) it makes a statement that impugns the good name, reputation, honor, or integrity of the employee; (2) the statement is false; (3) the statement is made during the course of termination and forecloses other employment opportunities; and (4) the statement is published, in other words disclosed publically. *Id*. (citing *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994)). According to defendant, plaintiff's claim must be dismissed because plaintiff fails to allege any specific facts concerning the allegedly false statements made by the government in connection with plaintiff's termination; she fails to allege that any statements were made public; and she fails to allege that any statements made by defendant foreclosed other employment opportunities.

In her complaint, plaintiff sets forth only conclusory allegations concerning defendant's infringement on her liberty interest. She alleges that defendant made "numerous [false] statements that injured [her] reputation or imposed a stigma that foreclosed her freedom to take advantage of other employment opportunities." She fails to identify any specific statements made by defendant and she fails to allege that any potential employers had knowledge of those statements and denied employment to plaintiff on the basis of those statements. More importantly, her complaint is devoid of any allegation that defendant published any statement about plaintiff's termination.

6

In her response to defendant's motion to dismiss, plaintiff does not address these deficiencies. She simply reiterates that she was denied a name-clearing hearing and that the denial is a violation of her due process rights. This response conflates the issue of whether plaintiff has sufficiently pled a deprivation of her liberty interest with the separate issue of whether plaintiff has sufficiently pled that the deprivation was without due process. *See McDonald*, 769 F.3d at 1212-13. Because plaintiff does not dispute that her complaint fails to set forth facts sufficient to state a plausible claim for the deprivation of a liberty interest under § 1983, the claim is dismissed. The court, however, will permit plaintiff an opportunity to file an amended complaint to the extent she is able to assert facts concerning defendant's publication of false statements and the foreclosure of other employment opportunities.

Finally, plaintiff asserts a claim against defendant under § 1983 for malicious prosecution in violation of the Fourteenth Amendment. Defendant moves to dismiss this claim for two reasons—on the grounds that plaintiff has failed to allege any facts sufficient to support municipal liability (*i.e.*, a policy or custom of the defendant was the moving force behind the alleged violation) and on the grounds that malicious prosecution claims are not cognizable under the Fourteenth Amendment. Defendant is correct as to both arguments. Plaintiff's complaint suggests that defendant is liable based solely on the false accusations of a rogue management-level employee in plaintiff's department. But a local government cannot be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Rather, to prove a § 1983 claim against a municipality, a plaintiff must establish the existence of a municipal policy or custom which directly caused the injury alleged. *Id*. Plaintiff's complaint contains no facts remotely

suggesting the existence of an official policy or custom or any decisions from any individual with final policymaking authority. In the absence of such allegations, plaintiff has not plausibly pled her claim for municipal liability. In her response, plaintiff suggests that the "one-time act" at issue here is such a "pervasive affront to the criminal process" that the Unified Government must be held liable for it. But while plaintiff acknowledges in her response that the imposition of municipal liability for a single incident requires evidence that the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued, *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996), she fails to allege in her complaint that anyone with such authority had any involvement with her arrest or prosecution.

Defendant is also correct that the "relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures rather than the Fourteenth Amendment's substantive due process guarantees." *Becker v. Kroll,* 494 F.3d 904, 914 (10th Cir. 2007) (prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures rather than the Fourteenth Amendment's substantive due process guarantees). Plaintiff seems to concede as much in her response wherein she references the elements for a Fourth Amendment malicious prosecution claim under § 1983. *See Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017).

For the foregoing reasons, plaintiff's malicious prosecution claim is dismissed. As with plaintiff's other claim under § 1983, the court will permit plaintiff an opportunity to amend her

complaint to the extent she is able to assert facts concerning defendant's liability for a Fourth Amendment malicious prosecution claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 7) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff may file an amended complaint consistent with this memorandum and order no later than **Monday, July 3, 2017**.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge